PRICE, Judge.
Robert L. Dunn brought this action for an injunction to restrain Walter T. Pipes from disturbing his alleged peaceful possession of a tract of land in Caddo Parish. Pipes reconvened asking for similar relief alleging he has had possession of the disputed area for more than one year prior to the filing of the demand.
From an adverse judgment awarding Dunn a preliminary injunction and rejecting his reconventional demand, Pipes has appealed.
The tract which Dunn claims to have possession of is described in his petition as follows:
“The West half of Lot 9 and the eastly portion of Lot 8 of Block 2, Manchester Subdivision and all other property outlined in red in the attached plat.”
The pertinent portion of the plat referred to is reproduced as follows:

The record shows the plaintiff, Dunn, purchased the residence situated on Lot 10 and the east portion of Lot 9 of the Manchester Subdivision from his mother in December, 1971. Plaintiff testified that after his father acquired the residence in about 1940, the disputed area in this action was possessed by his family as part of the homeplace. A fence was constructed at that time which is shown on the above plat running just west of the center line of Lot 8. The garage and other inprovements shown on the plat were built by the family during the years following 1940. The disputed area was apparently used as a back yard in connection with the residence purchased by the Dunn family.
*351 Plaintiff contends he has maintained possession of the subject tract since his acquisition of the family residence in 1971 through tenants who have occupied the residence and continued to use and maintain the area in dispute up to the old fence as a yard and garage area.
The record shows Pipes purchased several lots in the Manchester addition on April 8, 1974, including Lot 8 and the west one-half of Lot 9 which comprises the area in dispute herein. He contends his vendor, J. & T. Investment Company, Incorporated, bought the property in August, 1973, and after having the property surveyed, discovered the garage and fence of Dunn were on this property and notified Dunn of this encroachment. The two principals of the J. & T. corporation were called as witnesses for Pipes. They testified that the corporation performed work with heavy equipment on its property to the west of the disputed area and removed a section of the existing fence to gain access for equipment. They further testified some equipment was parked on the disputed area during the course of the work. This work was carried on between August of 1973 and April of 1974, according to their testimony.
Pipes testified that after he acquired the land from J. & T., he discussed the use of the disputed area with Dunn’s tenants and gave them permission to use it temporarily. He thus takes the position the use of this area by the tenants was through him rather than Dunn. We do not find any evidence to corroborate his testimony in this respect.
Dunn presented the testimony of Main Terry who did yard work for a Mrs. Whittle, who occupied the residence for many years as a lessee of Dunn. Terry testified he mowed the entire disputed area up to the fence which was used as a back yard for the adjoining residence during the several years he worked for Mrs. Whittle. After this tenant moved the record shows Dunn had a succession of renters for shorter periods. We find the evidence to preponderate that these tenants continued to keep the area mowed and that they used the garage situated thereon for various purposes associated with the rental of the residence. There is some testimony that one lessee maintained a horse and calf within the confines of the old fence in the back of the house.
Pipes contends the actions of J. & T. Company, Incorporated, in surveying the property and removing a section of the old fence constituted a disturbance of Dunn’s peaceful possession and as this occurred more than a year prior to the bringing of this action, the requirements of paragraph (2) of Louisiana Code of Civil Procedure 3658 have not been met to entitle Dunn to maintain the possessory action.
We do not find that the evidence shows the activities of the surveyor who made the survey for J. & T. were of such a nature to cause concern to Dunn or his tenants. The evidence is not clear as to the amount of fencing that was removed by the J. & T. personnel. It apparently was not to such an extent that it caused any interference with the continued use of the area by the tenants for yard and garage purposes.
The first real disturbance occurred by the action of Pipes in dumping a quantity of used automobile tires next to the garage in April, 1975, and the threat to construct a chain link fence through' the subject area on June 13, 1975. At this time, Dunn had ceased renting the property and was using it himself in connection with his aluminum siding business.
From our review of all the evidence in the record, we can find no manifest error in the conclusion reached by the trial judge that Dunn has proven by a preponderance of the evidence the necessary possession for more than a year prior to being disturbed in this possession by Pipes in April, *352 1975, and in accord with the provisions of Article 3658 entitled to maintain the pos-sessory action to be restored to peaceful possession of the subject property.
In accord with the foregoing, the judgment appealed from is affirmed. Costs of this appeal are assessed to appellants.